Application **GRANTED**.  The conference scheduled for January 29, 2025, is adjourned *sine die*.  By **February 24, 2025**, the parties shall file a joint letter proposing a deadline to file the administrative record and a mutually agreeable briefing schedule.  So Ordered.

Dated: January 23, 2025
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE


Re:  *GFI Management Services Inc. et al v. Woodel,* No. 24 Civ. 9317 (LGS)

Dear Judge Schofield:

We write on behalf of all parties with respect to the Court's December 12, 2024 Order (Dkt. No. 11) (the "Order"). This Office represents Defendants Everett Woodel, Jr., as Acting Administrator of the U.S. Small Business Administration ("SBA"),[1] and the SBA (collectively, "the Government") in this case brought under the Administrative Procedure Act ("APA") by Plaintiffs GFI Management Services Inc., GFI Hospitality LLC, GFI Development Company LLC, GFI Capital Resources Group Inc., and Broadway Construction Group LLC (collectively, "Plaintiffs"). Through this action, Plaintiffs challenge the Government's decision to deny forgiveness of certain Paycheck Protection Program ("PPP") loans issued to them. The parties write to request that the conference currently scheduled for January 29, 2025, be adjourned and that the parties be relieved of the requirement to file a proposed case management plan given that this APA case will be decided based on the administrative record without discovery. The parties also write to provide the Court with the information requested in the Order.

Because this action consists of APA claims, the parties do not plan to exchange discovery, as the Court's review under the APA is limited to the administrative record compiled by the agency. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam). Moreover, Local Rule 16.1 exempts this matter from the mandatory scheduling order required by Federal Rule of Civil Procedure 16(b). This Office was served with the Complaint on December 12, 2024. As a result, the Government's answer is due 60 days later, on February 10, 2025. *See* Fed. R. Civ. P. 12(a)(2) (providing that the Government's deadline to answer is "60 days after service on the United States attorney"); *see also* Fed. R. Civ. P. 4(i)(1).

In light of the above, the parties propose that, in lieu of a proposed case management plan, they file a joint letter on February 24 (two weeks after the Government files its answer), which will include a mutually acceptable deadline for the filing of the administrative record and a stipulated schedule for the parties' anticipated cross-motions for summary judgment. The parties

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), the Acting Administrator of the SBA is automatically substituted for former SBA Administrator Isabella Casillas Guzman.

also request that the conference currently scheduled for January 29 be adjourned *sine die* or, alternatively, to a date convenient for the Court after February 24.

Finally, concerning the information requested in the Court's Order (Dkt. No. 11), the parties state as follows:

### (1) The Nature of the Case

This action seeks judicial review of SBA decisions denying forgiveness of PPP loans issued to Plaintiffs during the COVID-19 pandemic under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") and Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Economic Aid Act"). The SBA denied forgiveness of the loans after concluding that the number of employees of Plaintiffs with their affiliates exceeded applicable limits. Plaintiffs contend that the SBA's denial of forgiveness of the loans had no basis in fact and was arbitrary and capricious, an abuse of discretion and not otherwise in accordance with applicable law, whereas the Government maintains that the denials were entirely proper.

### (2) Subject Matter Jurisdiction and Venue

Plaintiffs maintain that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the CARES Act and Economic Aid Act and its implementing regulations. Plaintiffs assert that venue is proper in this District under 28 U.S.C. § 1391(e) because (a) Plaintiffs GFI Management and GFI Capital Resources maintain their principal places of business and the PPP loan funds were remitted to them in this District, and (b) Plaintiffs GFI Hospitality, GFI Development and Broadway Construction received PPP loan funds in this District and are limited liability companies that each have members that are New York citizens.

### (3) Diversity Jurisdiction

N/A

### (4) Description of Planned Motions

There has not been motion practice to date. As noted above, the parties anticipate filing cross-motions for summary judgment on the issue of whether the SBA's decisions denying forgiveness of Plaintiffs' PPP loans violated the APA.

### (5) Computation of Damages

Plaintiffs seek, among other things: (1) an order vacating and setting aside the SBA's final decisions as arbitrary, capricious, and contrary to law; (2) a declaration that the number of hotel staff employed by a third-party manager under a hotel management agreement with a hospitality affiliate is not includable in the Plaintiffs' employee counts for purposes of the PPP program's Employee-Based Size Standard; (3) a remand with instruction to the SBA to approve forgiveness of Plaintiffs' PPP loans; (4) reimbursement to Plaintiffs of any sums repaid on any of the PPP loans, plus interest, in an amount to be proven; and (5) an award to Plaintiffs of costs and

reasonable attorney's fees to the extent permitted by law.

**(6)    Status of Settlement Discussions**

The parties are currently exploring options for a potential early resolution.

**(7)    Other**

N/A

The parties thank the Court for its consideration of these matters.

                        Respectfully submitted,

                        DANIELLE R. SASSOON
                        United States Attorney for the
                        Southern District of New York

By:   /s/ Mark Osmond
       MARK OSMOND
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Tel.: (212) 637-2713
       E-mail: mark.osmond@usdoj.gov

cc:    Daniel P. Filor, Esq.
      Counsel for Plaintiffs